I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/25/08

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>    Petitioner,<br><br>vs.<br><br>L.E. SCRIBNER,<br><br>    Respondent. | Case No. CV 07-7370-CBM (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and the accompanying supporting documentation, and the Report and Recommendation of the United States Magistrate Judge. Petitioner has filed a response to the Report and Recommendation that the Court construes as his objections thereto.

    The Court has duly considered petitioner's litany of complaints about the law library restrictions to which he was subjected while incarcerated at Salinas Valley State Prison from 1998 to 2003, about the periodic lockdowns to which he has been subjected, and about the general lack of prison legal assistance and other problems that he has experienced since his petition in Case No. CV 97-2661-CM (JG) was dismissed with prejudice in April 1998 on account of petitioner's want of prosecution. The Court notes that these alleged impediments did not prevent petitioner from filing a notice of appeal from that judgment of dismissal and from

seeking a certificate of appealability in turn from the District Court and the Ninth Circuit. Nor apparently did these alleged impediments prevent petitioner from communicating with the Courts, filing civil rights actions, and filing state habeas petitions over the ensuing years. Further, by petitioner's own admission, he was afforded prison law library access once he returned to Calipatria State Prison in December 2003.

The Court therefore concurs with the Magistrate Judge that, even if the Petition now pending were construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), relief would have to be denied because petitioner has failed to make a sufficient showing of circumstances beyond his control that prevented him from seeking relief from the Judgment in Case No. CV 97-2661-CM (JG) within a reasonable period of time of its entry more than 9-1/2 years ago. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."), cert. denied, 526 U.S. 1040 (1999); United States v. Alpine Land & Reserve Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 510 U.S. 813 (1993).

The Court also concurs with the Magistrate Judge that, to the extent that petitioner purports to be realleging substantially the same claims alleged in Case No. CV 97-2661-CM (JG) and also possibly new claims, the Petition now pending constitutes a second and/or successive petition challenging the same conviction and sentence as petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, to the extent that petitioner is alleging the same claims as he alleged in Case No. CV 97-2661-CM (JG), § 2244(b)(1) requires the dismissal of the Petition. To the extent that petitioner is alleging any new claims based on "newly discovered evidence," it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject

matter jurisdiction to consider any new claims. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Therefore, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, it is hereby ORDERED that the Petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 4/10/08

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE